CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
The appellant, Lucretia Austin, having obtained a judgment before a justice of the peace in Marshall County against appellee, J. L. Ely, for fifty dollars and some interest, and a constable of said county having returned an execution thereon “no property,” she filed a petition in the McCracken Circuit Court alleging those facts, and charging that one Barnes, a resident of McCracken, owed said Ely more than enough to pay said debt, made him a party, and prayed for a discovery of movable property subject to execution. The summons on the petition having been executed on Barnes and Ely by the sheriff of McCracken, Ely appeared and demurred to the petition for alleged want of jurisdiction; and the court, sustaining the demurrer, dismissed the petition.
This appeal calls for a revision of that judgment.
As adjudged in the unreported case of Quasi v. Bulduff, &o., the justice who rendered the judgment had jurisdiction over such a petition not seeking the subjection of real estate on which a constable could not levy. But the 474th section of the Civil Code, which constructively confers that jurisdiction on the justice rendering the judgment, also provides that the petition may be filed in a court in any county in which the defendant resides or is summoned. That alternative provision gave an elective jurisdiction in this case to the McCracken Circuit Court on the service of the summons on Ely in McCracken County.
To reach real estate, the 846th section of the Code provides that this may be done only by filing a transcript of the judgment in the clerk’s office of a circuit court, and having an execution issued thereon directed to the sheriff, who may levy on land. And in the case of Weatherford v. Myers, 2 Duvall, 91, this court adjudged that real estate can be sold under a justice’s judgment in no other mode. That decisión, however, does not apply to this case for subjecting personalty only, *482 otherwise than by recognizing the distinction between the class of cases and remedies provided for by the 474th section and those embraced by the 846th section of the Code, and intimating that the 474th section applies exclusively to and must rule the ease.
It seems to this court therefore that the circuit court had in this case ample jurisdiction.
Wherefore the judgment is reversed, and the cause remanded for further proceedings.